**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

GEORGE ANTONIO BRANDON, #366568,

        Petitioner,

v.

                             CIVIL ACTION NO. 2:09cv333

GENE M. JOHNSON,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On September 20, 2006, George Antonio Brandon ("Brandon") was convicted in the Circuit Court for Henrico County, Virginia, of three (3) counts of distribution of cocaine, one (1) count of possession of heroin with intent to distribute, and one (1) count of possession of cocaine with intent to distribute. Brandon was sentenced to serve eight (8) years in prison, of which three (3) years were suspended, and fined $20,000 for each of the five (5)

counts. Additionally, Brandon was placed on probation following his incarceration.

Brandon's appellate attorney[1] subsequently filed an appeal to the Court of Appeals of Virginia alleging that there was insufficient evidence to convict Brandon at trial on each of the five (5) counts. On July 6, 2007, the Court of Appeals denied this petition. Brandon v. Commonwealth, No. 2336-06-2 (Va. Ct. App. July 6, 2007). Brandon then appealed to the Supreme Court of Virginia, which denied his petition on December 13, 2007. Brandon v. Commonwealth, No. 071636 (Va. Dec. 13, 2007).

On August 11, 2008, Brandon filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Brandon v. Johnson, No. 081689 (Va. Aug. 11, 2008). Brandon asserted four (4) claims supporting his argument that the Supreme Court of Virginia should grant his petition: (a) the Commonwealth knowingly presented perjured testimony of a paid informant, withheld exculpatory information regarding payments made to the informant, and engaged in vindictive prosecution by "singling out" Brandon to the jury as the suspect; (b) he was denied the effective assistance of counsel at trial[2] when his counsel failed to object to the untimely disclosure of exculpatory information, introduce the information at

---

[1] On his direct appeal, Brandon was represented by Mr. John W. Parsons of Richmond, Virginia.

[2] At trial, Brandon was represented by Mr. John H. Goots of Mechanicsville, Virginia.

trial, or share it with Brandon prior to trial; (c) the Commonwealth violated his due process rights with respect to its introduction of money as evidence at trial; the Commonwealth violated his equal protection rights by knowingly presenting perjured testimony; the trial court violated his Sixth Amendment right to counsel by permitting his previous defense counsel to withdraw from the case; his speedy trial rights were violated; there was insufficient evidence to convict him; and there was no probable cause for his arrest; and (d) the trial court denied him certain discovery rights; there were errors in his trial transcripts; and there was "misidentification evidence" that came to light during the trial.[3] Virginia Supreme Court Habeas Petition at 3-4.

On April 1, 2009, the Supreme Court of Virginia dismissed Brandon's petition, finding that: claims (a), (c), and (d) were barred under Slayton v. Parrigan, 215 Va. 27, 29 (1974), cert. denied, 419 U.S. 1108 (1975), because they raised non-jurisdictional issues that could have been raised at trial and on direct appeal, and thus were not cognizable in a petition for a writ of habeas corpus; and claim (b) was meritless because it did not satisfy either the "performance" or the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S.

---

[3] Although Brandon's Supreme Court habeas petition lists numbered claims, they are lettered here to avoid confusion with the numbered claims in his federal habeas petition.

3

668, 687 (1984).  <u>Brandon v. Johnson</u>, No. 081689 (Va. Apr. 1, 2009).

On July 21, 2009, while in the custody of the Virginia Department of Corrections at Sussex I State Prison, Brandon executed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and supplemented the petition with a Motion for Bond that further developed his arguments.  On October 14, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting brief, and a Notice of Motion Pursuant to Local Rule 7(K).  Brandon filed his response to Respondent's Motion to Dismiss on November 16, 2009.[4]

## B.  **Grounds Alleged**

Brandon makes the following claims[5] alleging that he is

---

[4]  The Court notes that pursuant to Local Civil Rule 7(K), Brandon had twenty (20) days, computed pursuant to Federal Rule of Civil Procedure 6(a), plus three (3) days permitted by Rule 6(d) of said rules, within which to respond to Defendant's Motion to Dismiss.  Therefore, Brandon's response was due on November 9, 2009.  Respondent's Motion to Dismiss was accompanied by a Roseboro Notice, advising Brandon of the twenty-day response period. Brandon's response was filed seven (7) days late, on November 16, 2009.  Because Brandon is proceeding <u>pro se</u> in this action, the Court excuses the untimeliness of his response, exercising its discretion pursuant to Federal Rule of Civil Procedure 6(b).

[5]  "[A] <u>pro se</u> litigant is entitled to a liberal reading of [his] pleadings."  <u>Jacobi v. Blocker</u>, 153 F.R.D. 84, 86 (E.D Va. 1994); <u>see also</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  It is with this principle in mind that the Court construes the various pleadings submitted by this <u>pro se</u> plaintiff. Brandon grouped all of his allegations into four (4) claims in his petition, and eight (8) claims in his Motion for Bond.  However, for purposes of clarity, the Court has separately numbered each of the distinct claims, and will discuss them independently.

4

entitled to relief under 28 U.S.C. § 2254:

> (1) He was denied his right to effective assistance of counsel at trial because his attorney failed to object to the withholding, or untimely disclosure, of exculpatory evidence pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963);

> (2) He was denied his right to effective assistance of counsel on appeal because his attorney failed to raise the <u>Brady</u> violation or speedy trial violation;[6]

> (3) The prosecutor engaged in misconduct by failing to turn over exculpatory evidence, or <u>Brady</u> evidence, to the defense;

> (4) The prosecutor engaged in misconduct by offering perjured testimony at trial;

> (5) The trial court erred by denying his discovery request;

> (6) The trial court erred by allowing the trial transcript to be altered;

> (7) He was denied his Sixth Amendment right to be accompanied by counsel because the trial court allowed his trial attorney to withdraw and appointed a new attorney to represent him on appeal;

> (8) His speedy trial rights were violated;

> (9) There was insufficient evidence to convict him of each of the five counts at trial; and

> (10) He was misidentified by the confidential informant who testified against him at trial.

---

[6] The Court notes that in Brandon's petition he only makes a claim of ineffective assistance of counsel generally. However, the Motion for Bond accompanying his petition and the Brief in Support, filed as a response to Respondent's Motion to Dismiss, indicate that Brandon really has two distinct claims of ineffective assistance of counsel. One claim alleges that trial counsel was ineffective for failing to compel Brady responses and another claim alleges that appellate counsel was ineffective for failing to appeal the Brady issue.

Brandon's petition for a writ of habeas corpus, filed in the Supreme Court of Virginia on August 11, 2008, asserted substantially the same claims for relief as alleged in the instant petition. As discussed above, the Supreme Court of Virginia dismissed that petition on April 1, 2009.

## II.  **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court FINDS that all of Brandon's claims are exhausted, but that claims (2) through (8), and (10) are procedurally defaulted. Upon review of the merits, the Court recommends that claims (1) and (9) be DENIED and DISMISSED.

### A.  **Exhaustion**

In order for the Court to address the merits of a federal habeas petition, all of the claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal

6

principles must be presented to the state court." <u>Matthews v. Evatt</u>, 105 F.3d 907, 910-11 (4th Cir. 1997) (quotations omitted). Claims (1), and (3) through (10) were presented to the Supreme Court of Virginia in Brandon's state habeas petition. <u>See</u> <u>Brandon v. Johnson</u>, No. 081689, slip op. (Va. Apr. 1, 2009). Accordingly, the Court FINDS that Brandon's claims (1), and (3) through (10) are exhausted.

Brandon's claim (2), alleging ineffective assistance of appellate counsel, was not raised in the state courts on direct appeal or in his state habeas petition. "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court." <u>Id</u>. at 911 (internal quotations omitted). Such claims are treated as simultaneously exhausted and procedurally defaulted, and therefore barred from this Court's review. <u>Clagett v. Angelone</u>, 209 F.3d 370, 378-79 (4th Cir. 2000).

Pursuant to Virginia's habeas statute of limitations, a petition for habeas corpus must be filed in Virginia state courts within "two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code § 8.01-654(A)(2). The latest Brandon could have submitted a petition for a writ of habeas corpus to the Virginia courts was December 13, 2008, which was one

7

year from the final disposition of his direct appeal. Furthermore, even if Brandon was within the statute of limitations, his petition would be barred because Virginia law provides that "[n]o writ shall be granted on the basis of any allegation of facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code § 8.01-654(B)(2). It is clear that Brandon's claim that his appellate counsel was ineffective is based on facts known to him when he filed his prior state habeas petition, which the Supreme Court of Virginia dismissed on April 1, 2009. The United States Court of Appeals for the Fourth Circuit has held that Virginia Code § 8.01-654(B)(2) is an adequate and independent state procedural rule. See Bassette v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990). Because Brandon could not now present this claim to the Virginia courts, the Court FINDS that claim (2) is simultaneously exhausted and procedurally defaulted, and thus barred from this Court's review. See Clagett, 209 F.3d at 378-79.

## B. **Procedural Default**

If any of Brandon's exhausted claims were presented to the highest state court, but were not addressed on the merits by that court because they were procedurally barred pursuant to an adequate and independent state procedural rule, the procedural default prevents federal habeas review of the merits. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Here, Brandon raised claims (3) through (8), and (10) in his habeas petition to the Supreme Court of Virginia. The Supreme

8

Court of Virginia dismissed these claims pursuant to Slayton, finding that they were non-jurisdictional issues that could have been raised at trial or on direct appeal, and thus, were not cognizable in a petition for habeas corpus to the Supreme Court of Virginia. Brandon v. Johnson, No. 081689, slip op. at 1-3 (Va. Apr. 1, 2009). Slayton has consistently been held to constitute an independent and adequate state law ground, which supports procedural default in federal court. Smith v. Murray, 477 U.S. 527, 533 (1986); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). This Court cannot review that determination. Gilbert v. Moore, 134 F.3d 642, 657 n.14 (4th Cir. 1998). Therefore, claims (3) through (8), and (10) are procedurally defaulted.

The Supreme Court of Virginia also dismissed claim (9), alleging insufficiency of the evidence, pursuant to Slayton, finding that it was a non-jurisdictional issue that could have been raised at trial or on direct appeal but was not. Brandon v. Johnson, No. 081689, slip op. at 2 (Va. Apr. 1, 2009). This finding was in error, however, because Brandon clearly presented this claim in his direct appeal to the Court of Appeals of Virginia and subsequently to the Supreme Court of Virginia. See Brandon v. Commonwealth, No. 2336-06-2, slip op. at 1, 3 (Va. Ct. App. July 6, 2007). This claim is only procedurally defaulted in this Court if the Supreme Court of Virginia dismissed it based on a state procedural rule that "provides an independent and *adequate* ground for the dismissal...." Breard v. Pruett, 134 F.3d 615, 619 (4th

9

Cir. 1998) (citing <u>Coleman</u>, 501 U.S. at 731-32) (emphasis added). Although this Court cannot review the state court's finding that the claim is procedurally defaulted under state law, <u>see</u> <u>Gilbert</u>, 134 F.3d at 657 n.14, this Court can consider whether that determination is sufficiently "adequate" to bar the claim from federal review, <u>Lee v. Kemna</u>, 534 U.S. 362, 375 (2002). The adequacy of the state procedural ground "is itself a federal question." <u>Lee</u>, 534 U.S. at 375 (internal quotations omitted). In particular, there are "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." <u>Id.</u> at 376. The fact that the Supreme Court of Virginia dismissed claim (9) on the basis that it was not raised in direct appeal, when in fact it was, constitutes an "exorbitant application" of "generally sound rule[s]." <u>Id.</u> Therefore, the independent state grounds are not "adequate," and claim (9) should not be dismissed as procedurally defaulted. Therefore, this Court will evaluate Brandon's claim of insufficient evidence on its merits, and will look to the decision of the Virginia Court of Appeals on direct appeal as the last reasoned decision on the issue. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991); <u>Skipper v. French</u>, 130 F.3d 603, 611 (4th Cir 1997); <u>Ashe v. Styles</u>, 39 F.3d 80, 85 (4th Cir. 1994).

### 1. Limited Exceptions to Procedural Default

Although claims (2) through (8), and (10) are procedurally

defaulted, Brandon may still obtain review of his claims if he can establish either: (1) "cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice" because, for instance, he is actually innocent of the crime for which he is convicted. Clagett, 209 F.3d at 379 (citing Coleman, 501 U.S. at 750); see also Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999). Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright, 151 F.3d at 160 n.5 (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996). With regard to the second exception, it is Brandon's burden to establish the miscarriage of justice exception by providing new evidence such that, but for the asserted constitutional errors, no reasonable juror would have found the petitioner guilty. See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing the standard established

in <u>Jackson v. Virginia</u>, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)).

Brandon does not make any argument for or provide any evidence to support the miscarriage of justice exception. Brandon makes no allegations that would establish cause for his failure to raise claim (2), alleging ineffective assistance of counsel on appeal, in his state habeas petition. He does, however, make statements that could be construed as an argument to establish cause for his default of claims (3) through (8), and (10). In his federal habeas petition, Brandon indicated that he did not raise his due process claims or claims alleging trial court error on direct appeal because, "Counsel filed appeal without consulting petitioner." (Federal Habeas Petition at 9, 11.) This Court construes Brandon's assertion[7] to mean the following: By failing to consult with Brandon in order to determine which issues Brandon wanted to appeal before filing the direct appeal, Brandon's appellate counsel rendered constitutionally ineffective assistance, which impeded compliance with the State's procedural rule. <u>Strickler</u>, 527 U.S. at 283 n.24; <u>Wright</u>, 151 F.3d at 160 n.5. In claim (2), Brandon also makes a specific claim that he received ineffective assistance of counsel on appeal because his attorney failed to raise the <u>Brady</u>

---

[7]    "[A] <u>pro se</u> litigant is entitled to a liberal reading of [his] pleadings." <u>Jacobi</u>, 153 F.R.D. at 86; <u>see also</u> <u>Erickson</u>, 551 U.S. at 94.    It is with this principle in mind that the Court construes the various pleadings submitted by this <u>pro se</u> plaintiff.

12

violation and speedy trial violation. In other words, Brandon's argument is that if he had received effective assistance of counsel, he would have raised claims (3) through (8), and (10) on direct appeal, and those claims would not now be procedurally defaulted.

A claim that ineffective assistance of counsel caused procedural default must be exhausted in the state courts before it can be considered by this Court. Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Justus v. Murray, 897 F.2d 709, 713-714 (4th Cir 1990). As discussed above in section (II)(A), Brandon's claim of ineffective assistance of counsel on appeal is itself procedurally defaulted. Because Brandon cannot establish cause for the procedural default of claims (3) through (8), and (10) these claims remain outside the purview of this Court's review.

## C. Merits

The Court now considers claims (1) and (9) on the merits. In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

13

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." <u>Williams v. Taylor</u>, 529 U.S. 362, 386 (2000) (citations omitted); <u>see also</u> <u>Bell v. Jarvis</u>, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in <u>Williams</u>[]"). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." <u>Williams</u>, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." <u>Id.</u> at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that the court's decision on the merits was "legally or factually unreasonable." <u>Bell</u>, 236 F.3d at 163 (quoting <u>Aycox v. Lytle</u>, 196 F.3d 1174, 1178 (10th Cir. 1999)). Further, the Court is mindful that "a determination on a factual issue by a State court shall be presumed correct [in a habeas proceeding]," and the petitioner has the burden to rebut that "presumption of correctness

by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

### 1. Insufficient Evidence Claim is Without Merit

In claim (9), Brandon alleges that his constitutional rights were violated because the Commonwealth's evidence was insufficient to support each of his convictions, including three (3) counts of distribution of cocaine, one (1) count of possession of cocaine with intent to distribute, and one (1) count of possession of heroin with intent to distribute. Brandon raised this claim on his direct appeal to the Court of Appeals, which reviewed the claim on the merits. See Brandon v. Virginia, No. 2336-06-2, slip op. at 1-4 (Va. Ct. App. July 6, 2007). As discussed above, this Court looks to that opinion as the state courts' last reasoned decision on the issue.

With regard to the three (3) counts of distribution of cocaine, Brandon argued on direct appeal, as well as in this federal habeas petition, that the informant who testified against him at trial was an inherently unreliable witness for various reasons: (1) the informant was a felon who only testified for money and the hope that he would receive better treatment from the Commonwealth of Virginia in his own drug case, (2) the police failed to check every possible location where the informant could have hidden the purchased drugs, and (3) the informant was unable to definitively state whether Brandon was the man depicted in a photograph shown to the informant by police between the first and

15

second drug deals.  See id. at 3-4.  The informant testified that
he purchased cocaine from Brandon on three separate occasions, and
the Court of Appeals of Virginia found that this testimony "was
competent, was not inherently incredible, and was sufficient to
prove beyond a reasonable doubt that [Brandon] was guilty of three
counts of cocaine distribution."  Id. at 4.

     With regard to the two (2) counts of possession with intent to
distribute, Brandon argued on direct appeal to the Court of Appeals
of Virginia that the evidence failed to show that: (1) Brandon ever
had possession of the cocaine or heroin, because they presumably
belonged to the driver of the vehicle in which they were found, and
(2) Brandon intended to distribute the cocaine and heroin, because
the police found no packaging materials or scales in his
possession, the amount of cocaine found was consistent with heavy
personal use, and the heroin was in many small bags because they
had been purchased from a dealer.  See id. at 1-3.  The Court of
Appeals found that Brandon had constructive possession of the
cocaine and heroin based on evidence that the informant testified
that he purchased cocaine from Brandon and that Brandon, while
seated in the passenger seat of the vehicle in which the drugs were
found, lowered his hand toward the area where the police later
found drugs.  Id. at 2.  The Court of Appeals found that Brandon
had the intent to distribute the drugs based on the testimony of an
investigator qualified as an expert in drug possession and
distribution who testified that the drugs found by police were

                               16

inconsistent with personal use, due to the absence of usage devices, the packaging of the heroin, and the quantity of the cocaine. Id. at 3.

The state court's findings are entitled to great deference here. "Though claims of insufficient evidence are cognizable on federal habeas review, a federal [habeas] court's review of such claims is 'sharply limited.'" Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998) (quoting Wright v. West, 505 U.S. 277, 296 (1992)) (other citations omitted)). A federal court's review of such claims "is not meant to consider anew the [fact finder's] guilt determination or to replace the state's system of direct appellate review." Id. at 405-06 (citing Wright, 505 U.S. at 292). As such, a petitioner is entitled to relief on such a claim "only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" Id. at 406 (quoting Jackson v. Virginia, 443 U.S. 307, 324 (1979) (other citations omitted)). In the instant case, Brandon simply failed to show that no rational trier of fact could find him guilty of each of the five (5) counts. Id. Brandon, in essence, asks this Court to reconsider the credibility of the informant and discount the expert testimony of the investigator, but this Court has "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by [this Court]." Marshall v. Longberger, 459 U.S. 422, 434 (1983).

Based on the foregoing, this Court FINDS that Brandon failed

17

to show either that the state court unreasonably determined the facts in his case or that the state court unreasonably applied federal law in dismissing his claim of insufficient evidence. As such, this Court RECOMMENDS that Brandon's claim of insufficient evidence be DENIED and DISMISSED.

## 2. Ineffective Assistance of Counsel Claim is Without Merit

In claim (1), Brandon alleges that his trial counsel, Mr. Goots, was ineffective because he failed to obtain exculpatory evidence and impeach witnesses at trial. The controlling standard for ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, the Court is required to subject Brandon's claim to a two-prong test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). To grant relief, the state court had to find: (1) that Brandon's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases; and (2) "that there is a reasonable probability that, but for counsel's [deficient performance], the result of the proceeding would have been different." Strickland, 466 U.S. at 690, 694.

Brandon asserts he was denied his right to effective assistance of counsel because his trial counsel failed to object to the untimely disclosure of exculpatory evidence, share it with Petitioner at trial, or introduce the evidence at trial. (Federal Habeas Petition at 6; Motion for Bond at 8-11, 15-16.) Brandon

18

argues that his trial attorney failed to file a motion compelling the prosecution to turn over exculpatory evidence as mandated by Brady v. Maryland, 373 U.S. 83 (1963). Id. at 8-11. Brandon claims that a lack of exculpatory evidence prevented his trial attorney from properly impeaching the state's witnesses at trial. Id.

The Supreme Court of Virginia considered Brandon's claim of ineffective assistance of trial counsel on the merits and rejected it, finding that Brandon failed to "state what evidence was disclosed in an untimely fashion, why such evidence should have been introduced at trial, or what different actions could have been taken had the evidence been disclosed in a timely fashion." Brandon v. Dir., Dep't Corr., No. 081689, slip op. at 2. To the extent that Brandon attempts to identify such evidence, he cites to pages of the trial transcript where inconsistent evidence was brought out at trial. (Federal Habeas Petition at 9-10.) Brandon argues that the testimony of the confidential informant contradicted other pieces of the prosecution's evidence regarding: (1) the number of cases that the confidential informant had worked on with the investigators;[8] (2) what, if anything, the confidential

---

[8] Brandon argues that the confidential informant, William Pettaway, testified that he had worked ten (10) to twelve (12) cases with the investigators, Transcript at 161-62, Commonwealth v. Brandon, No. CR05-3786-00F to 3788-00F, CR05-4644 to 4646-00F (Va. Cir. Ct. Mar. 30, 2005), whereas the investigator, Jay Kegley, inconsistently testified that he had worked with the confidential informant for twenty-five (25) to thirty (30) different cases, id. at 55, and five (5) to eight (8) cases, id. at 107. Upon a close

19

informant was given in exchange for his testimony against Brandon;[9] and (3) the dollar amounts given to the confidential informant prior to each of the three drug buys.[10]  Id.  The fact that there may have been inconsistencies in the prosecution's evidence[11] does not demonstrate that the prosecution withheld exculpatory evidence from Brandon prior to or during his trial.  Indeed, at a motion hearing held on March 30, 2006, prosecutor Peter Baruch told the

---

reading of the trial transcript, however, there is no inconsistency.  Investigator Kegley's testimony regarding the twenty-five to thirty different cases pertained to the total number of investigations that he worked on with Mr. Pettaway prior to Brandon's trial, and the five to eight cases pertained to the number of cases that Investigator Kegley worked on with Mr. Pettaway before Mr. Pettaway's own criminal charges were dropped. Mr. Pettaway's testimony regarding ten to twelve cases pertained to the number of cases for which he was paid; he explained that he worked other cases for which he was not paid.

[9] Brandon argues that Mr. Pettaway testified that he received nothing in exchange for his testimony against Brandon, id. at 173-74, whereas Investigator Kegley testified that the Mr. Pettaway's own criminal charges were dismissed, id. at 108.  A close reading of the trial transcript reveals that there is no inconsistency. The confidential informant simply testified that he was not paid any money for his testimony in court against Brandon, and did not deny that he once had criminal charges dropped in exchange for his cooperation with undercover drug buys.

[10] The prosecution stated in its opening statement that Mr. Pettaway was given $170 for the first of three drug buys, id. at 45, whereas Investigator Kegley testified that the confidential informant was given $180, id. at 57.  The prosecution stated in its opening statement that Mr. Pettaway was given $170 or $180 for the second drug buy, id. at 45, whereas Mr. Pettaway testified that he received more than $250, id. at 167.  Finally, Investigator Kegley stated that Mr. Pettaway was given $275 for the third drug buy, id. at 99, whereas Mr. Pettaway testified that he received more than $250, id. at 167.

[11] See supra notes 6-8.

20

Henrico County Circuit Court that his office maintained an "open file" policy for cases like Brandon's and that he had turned over all exculpatory evidence to Brandon's attorney. Transcript at 40-41, Commonwealth v. Brandon, No. CR05-3786-00F to 3788-00F, CR05-4644 to 4646-00F (Va. Cir. Ct. Mar. 30, 2005). At that same hearing, Brandon's attorney stated that Mr. Baruch was accurate in his description of the "availability of resources" and could not "say that there's been anything approaching a problem," with regard to access to the state's evidence. Id. at 41-42.

Brandon failed to show the first prong of Strickland, specifically how his trial attorney's performance fell below the range of competence demanded of lawyers in criminal cases. See 466 U.S. at 690, 694. Brandon makes no cognizable argument that specific exculpatory evidence was withheld or what his attorney could have done to discover such evidence if it existed. Therefore, this Court cannot find that Brandon's trial attorney's performance was incompetent under the Constitution with respect to demanding discovery.

The state court's rejection of Brandon's ineffective assistance of counsel claim under Strickland v. Washington, 465 U.S. 668 (1984), was not "contrary to, or ... an unreasonable application of," existing Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Accordingly, this Court RECOMMENDS that claim (1) be DENIED and DISMISSED.

## III.   RECOMMENDATION

For the foregoing reasons, having found that Brandon's claims (2) through (8), and (10) are procedurally defaulted and that claims (1) and (9) are without merit, this Court RECOMMENDS that Brandon's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Brandon's claims be DISMISSED WITH PREJUDICE.

Brandon failed to demonstrate "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2233(c)(2) Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.   See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

## IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636 (b)(1):

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

F. Bradford Stillman

United States Magistrate Judge

Norfolk, Virginia

April 16, 2010

23

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

George Antonio Brandon, # 366568
Sussex I State Prison
24414 Musselwhite Drive
Waverly, VA 23890
PRO SE

Donald Eldridge Jeffrey III
Office of the Attorney General
900 E Main Street
Richmond, VA 23219
Counsel for Respondent

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk
April 16, 2010